Theodore R. BRAATZ, Joanne Helen Wright, Susan R. Flemmen, Roxanne Lambert and Saundra O. Kortesma, Petitioners-Respondents,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent-Appellant.†

Court of Appeals

*No. 91-1891. Oral argument February 18, 1992.—Decided March 10, 1992.*

(Also reported in 483 N.W.2d 246.)

†Petition to review granted.

On behalf of the respondent-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Bruce A. Olsen,* assistant attorney general, and orally argued by *Bruce A. Olsen.*

On behalf of the petitioners-respondents, the cause was submitted on the brief of *Timothy E. Hawks* and *Linda S. Quartaro,* and orally argued by *Linda S. Quartaro,* of *Shneidman, Myers, Dowling & Blumenfield,* of Milwaukee.

On behalf of the Wisconsin Education Association Council, the cause was submitted on the amicus curiae brief of *Melissa A. Cherney,* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   The Labor and Industry Review Commission appeals a judgment reversing its determination that the Maple School District's collective bargaining agreement provision prohibiting duplicate health insurance coverage for its married employees does not violate the Wisconsin Fair Employment Act. LIRC argues that the Act implicitly exempts issues involving health insurance coverage from its marital status discrimination proscriptions. LIRC contends that at the time marital status discrimination was made illegal, the state had in effect certain "discriminatory" practices with regard to health insurance coverage and its married employees,

and, therefore, the legislature could not have intended to make such practices a violation of the Act. LIRC also argues that the district's policy discriminates on the condition that one's spouse is employed and receives health insurance coverage. LIRC contends that such discrimination is not based on marital status.

We conclude that there is no implied exception to the prohibition on marital status discrimination with respect to health insurance. Further, we conclude that the district's policy does discriminate on the basis of marital status. Therefore, we affirm the judgment reversing LIRC's decision.

The facts underlying this controversy are undisputed. LIRC found that all of the respondents are teachers employed by the Maple School District, that each is married, that the spouse of each is employed and that each of the spouses' employers offered health insurance benefits to the spouse. The 1986–87 collective bargaining agreement between the Maple Federation of Teachers and the Maple Board of Education provides that married employees with spouses who are employed and covered by comparable health insurance through their employment must elect to be covered by either the district's policy or the spouse's policy.[1]

---

[1]The agreement provides in pertinent part:

Section 1.  Health and Hospitalization Insurance Coverage:

Hospital, medical and major medical coverage for the employees and their family will be provided if requested by the employee through the existing contract with the insurance company presently providing coverage to district employees. All requests for hospital, medical, and major medical will be subject to the limitations outlined in a, b, c, and d below:

a.  All single employees may request single coverage under this plan.

b.  Unmarried person who has the care, custody, or support of any

Each of the teachers was forced, under the terms of this policy, to elect coverage under the district's health insurance policy or his or her spouse's policy.

Section 111.321, Stats., prohibits an employer from engaging in employment discrimination on the basis of marital status. Under sec. 111.322(1), it is employment discrimination to "discriminate against any individual in promotion, compensation or in terms, conditions or privileges of employment" on the basis of marital status. Section 111.32(12) defines marital status as "the status of being married, single, divorced, separated or widowed."

The only exception to the general prohibition against marital status discrimination expressly provided in the Act is found in sec. 111.345, which provides: "Notwithstanding s. 111.322, it is not employment dis-

minor children of said unmarried person is eligible for family coverage if the policy so warrants.

c. A married employee is entitled to family coverage.

d. A married teacher who [sic] spouse is eligible for family coverage at his/her place of work shall have the option of carrying either the district's policy or the spouse's policy but not both. If the spouse carries a single plan, the employee of the district shall be eligible for a single plan through the district.

1) Employees who are presently duplicating insurance coverage who do not fall into the above guidelines would be allowed to do so if they notify the school district that they wish to have the premium for health insurance deducted from their paycheck. Employees who do not fall into the above guidelines who are duplicating insurance and do not wish to have the premium deducted from their paycheck will have to notify the school district that they wish to have their health coverage with the district terminated.

2) The Board would allow duplicate coverage if the employee's other insurance policy provided significantly less coverage than the School District of Maple's policy. This would be determined by the school administration.

crimination because of marital status to prohibit an individual from directly supervising or being directly supervised by his or her spouse."

Whether the district's policy violates the Act involves the interpretation and application of the statutes to an undisputed set of facts. The interpretation and application of statutes to an undisputed set of facts presents questions of law. *State v. Michels*, 141 Wis. 2d 81, 87, 414 N.W.2d 311, 313 (Ct. App. 1987). A court is not bound by an agency's conclusion of law. *Local No. 695 v. LIRC*, 154 Wis. 2d 75, 82, 452 N.W.2d 368, 371 (1990). However, because LIRC has experience in interpreting what acts constitute marital status discrimination, we give deference to LIRC's conclusions of law. *See DILHR v. LIRC*, 161 Wis. 2d 231, 246, 467 N.W.2d 545, 550 (1991). Because we accord deference to LIRC's decision in this case, we will uphold its interpretation of the statute as long as it is reasonable and not clearly contrary to legislative intent. *Id.*

In LIRC's decision, the only rationale it stated for concluding that the policy did not violate the Act was that the Act contains implied exceptions to its marital status discrimination prohibition regarding health insurance coverage. LIRC reasoned that the state, as an employer, had adopted health insurance practices that treated married employees differently from single employees. LIRC points to the fact that under sec. 40.52(1), Stats., a married state employee, whose spouse is also a state employee, cannot elect single coverage health insurance if the spouse is insured under a family coverage plan provided by the state. It also points to the fact that under secs. 40.52(1), 40.05(4) and 40.02(20), the state extends greater health insurance benefits to married persons because married persons are automatically

entitled to receive dependent coverage while single persons are not. Because the state, as an employer, has health insurance practices that treat married employees and single employees differently, LIRC argues that other employers are entitled to do the same.

We first note that we have serious reservations whether a rule of statutory construction exists that holds we must look to the rules the legislature prescribes for the state, as an employer, to determine the scope of the rules it prescribes for other employers. *See Washington Water Power Co. v. Washington State Human Rights Comm'n,* 586 P.2d 1149, 1154 (1978). In addition, absent an ambiguity, we look to the plain meaning of the statute and do not resort to additional rules of construction. *WPSC v. PSC,* 156 Wis. 2d 611, 618–19, 457 N.W.2d 502, 505 (Ct. App. 1990). Here, LIRC does not assert that the statutory language is ambiguous. LIRC improperly seeks to create an ambiguity by using a rule of construction. Even assuming *arguendo* that there is a doctrine of implied exception to aid in statutory construction, and that resort to it is proper in this case, we still reach the conclusion that its application in this case is unreasonable.

LIRC states that the implied exception doctrine applies where the state engages in a statutorily authorized discriminatory practice at the time the legislature adopts another statute that would appear to make the state's conduct illegal. Because the legislature does not intend to make its own conduct illegal, the principle is that it intended to except such conduct from the purview of the Act.

The doctrine, however, only supports LIRC's determination in this case if it can be demonstrated that at the time marital status discrimination was made illegal,

the state had a practice in effect similar to the policy in question. Thus, the state must have a practice in effect of prohibiting its married employees who have different employers from duplicating health insurance coverage before the doctrine of implied exception is applicable in this case.

The state's insurance practices regarding health insurance that LIRC argues justify its conclusion that there is an implied exception with regard to policies like the one in question are: (1) the state's practice of prohibiting a state employee from electing single coverage when his or her spouse has a family coverage policy as a state employee; and (2) the state's practice in automatically affording married employee's dependent coverage. Neither of these practices are similar to the one contained in the district's policy. The district's policy operates to completely deprive an employee of an earned benefit. The state's practices cited by LIRC do not. At oral argument, LIRC conceded that the state does not have a practice in effect similar to the district's. Therefore, even if the doctrine of implied exception does exist, it is inapplicable to the factual situation presented by this case.

Additional support for the conclusion that the legislature did not intend to make an implied exception to the marital status discrimination prohibition can be found in the Act. As the teachers point out, the legislature made an exception that specifically dealt with health insurance with respect to age discrimination. Section 111.33(2)(d), Stats. This exception demonstrates that the legislature considered the issue of health insurance coverage and the effect that the prohibition on employment discrimination had on health insurance issues. After considering the issue, the legislature made an exception only with regard to age discrimination.

Therefore, the existence of this exception and the absence of a similar exception for marital status discrimination further supports our conclusion that the legislature did not intend to exempt health insurance issues from the prohibition against marital status discrimination.

Because there is no basis upon which to support a conclusion that the legislature intended an implied exception to the marital status discrimination prohibition with regard to policies such as the district's, LIRC's conclusion that such an exception exists is unreasonable and contrary to the clear provisions of the statute. LIRC's conclusion, therefore, must be reversed.

LIRC argues that aside from the implied exception doctrine it relied on to reach its conclusion, an additional justification exists to sustain its decision. It argues that the district's policy does not discriminate on the basis of marital status but, rather, on the condition that the spouse has insurance coverage through employment. At oral argument LIRC conceded that we owe no deference to this interpretation because LIRC did not rely on it to reach its determination.

We reject the premise of LIRC's argument that this policy does not discriminate on the basis of marital status. It is only married employees with duplicate coverage who must make a choice between the district's policy or the policy provided by the spouse's employer. Under the district's policy, not all employees who have duplicate insurance are treated the same. Because the policy only applies to married persons, it discriminates on the basis of marital status.

133

LIRC also suggests that because the district's intent in adopting this policy was to save taxpayers' money rather than to discriminate based on marital status, we should conclude that the policy is not violative of the Act. We cannot look to the subjective intent of the policy makers to determine the validity of the policy. *See Ray-O-Vac v. DILHR*, 70 Wis. 2d 919, 931–32, 236 N.W.2d 209, 215 (1975). An employer is not entitled to discriminate in violation of the Act merely because there is a socially desirable benefit to be obtained by engaging in the discrimination. *Id.* While we agree that saving taxpayers' money is a laudable goal, the district must find nondiscriminatory ways of doing so. If the legislature determines that valuable resources are being wasted on duplicate insurance coverage, it may choose to exempt duplicate health insurance prohibitions from the proscriptions of the Act. That decision, however, is one for the legislature, not the commission nor this court.

*By the Court.*—Judgment affirmed.