Theodore R. BRAATZ, Joanne Helen Wright, Susan E. Flemmen, Roxanne Lambert and Saundra O.Kortesma, Petitioners-Respondents,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent-Appellant-Petitioner.

Supreme Court

*No. 91-1891. Oral argument February 2, 1993.—Decided March 16, 1993.*

(Also reported in 496 N.W.2d 597.)

For the respondent-appellant-petitioner the cause was argued by *Bruce A. Olsen,* assistant attorney general, with whom on the briefs was *James E. Doyle,* attorney general.

For the petitioners-respondents there was a brief by *Timothy E. Hawks* and *Shneidman, Myers, Dowling & Blumfield,* Milwaukee and oral argument by *Mr. Hawks.*

Amicus curiae brief was filed by *Chris Galinat* and *Melissa A. Cherney,* Madison for the Wisconsin Education Association Council.

STEINMETZ, J.    The issue in this case is whether the Labor and Industry Review Commission ("LIRC") properly concluded that the marital status provisions of the Wisconsin Fair Employment Act ("WFEA") permit the school district of Maple's health insurance nonduplication policy. The circuit court answered in the negative, and LIRC appealed from the judgment. The court of appeals affirmed the circuit court's judgment in *Braatz v. LIRC,* 168 Wis. 2d 124, 483 N.W.2d 246 (Ct. App. 1992).

We affirm the court of appeals reversal of LIRC's decision. The school district of Maple's nonduplication

policy constitutes marital status discrimination which is prohibited under the WFEA. Health insurance is not excepted from this prohibition, expressly or implicitly.

The facts of this case are not in dispute. The plaintiffs are teachers employed by the Maple School District. Each teacher is married; each teacher's spouse is employed; and each spouse's employer offers health insurance benefits to the spouse.

The 1986–87 collective bargaining agreement between the Maple Federation of Teachers and the Maple Board of Education provides as follows:

> Article V–A. Insurance. Health, Life, Dental and Long Term Disability.
>
> Section 1. Health and Hospitalization Insurance Coverage:
>
> Hospital, medical and major medical coverage for the employees and their family will be provided if requested by the employee through the existing contract with the insurance company presently providing coverage to district employees. All requests for hospital, medical, and major medical will be subjected to the limitations outlined in a, b, c and d below:
>
> a.   All single employees may request single coverage under this plan.
>
> b.   Unmarried person who has the care custody or support of any minor children of said unmarried person is eligible for family coverage if the policy so warrants.
>
> c.   A married employee is entitled to family coverage.
>
> d.   A married teacher who [sic] spouse is eligible for family coverage at his/her place of work shall have the option of carrying either the district's policy or the spouse's policy but not both. If the spouse carries a single plan, the employee of the district shall be eligible for a single plan through the district.

289

(1) Employees who are presently duplicating insurance coverage who do not fall into the above guidelines would be allowed to do so if they notify the school district that they wish to have the premium for health insurance deducted from their paycheck. Employees who do not fall into the above guidelines who are duplicating insurance and do not wish to have the premium deducted from their paycheck will have to notify the school district that they wish to have their health coverage with the district terminated.

(2) The Board would allow duplicate coverage if the employee's other insurance policy provided significantly less coverage than the School District of Maple's policy. This would be determined by the school administration.

The LIRC describes this condition of employment as simply a "health insurance non-duplication policy." However, it is a non-duplication policy applicable only to married employees. Married employees, with employed spouses who are covered by comparable employer provided health insurance, are forced to elect the district's policy or the spouse's policy.[1] The plaintiffs in this case were forced to make this election.

The WFEA prohibits employers from "discriminat[ing] against any individual in promotion, compensation or in terms, conditions or privileges of employment" on the basis of marital status. Section 111.322(1);[2] sec. 111.321, Stats.[3] Section 111.32(12)

---

[1] Waiver due to the bargaining agreement was not a basis upon which LIRC reached its decision and was not argued by any party; therefore, it is not an issue in this case.

[2] Section 111.322(1), Stats., provides as follows:

**111.322 Discriminatory actions prohibited.** Subject to ss. 111.33 to 111.36, it is an act of employment discrimination to do any of the following:

defines marital status as "the status of being married, single, divorced, separated or widowed."

There is only one express exception to this prohibition against marital status discrimination. It provides as follows: "Notwithstanding s. 111.322, it is not employment discrimination because of marital status to prohibit an individual from directly supervising or being directly supervised by his or her spouse." Section 111.345, Stats.

The declaration of policy in sec. 111.31(3), Stats., mandates liberal construction of the WFEA:

> In the interpretation and application of this subchapter, and otherwise, it is declared to be the public policy of the state to encourage and foster to the fullest extent practicable the employment of all properly qualified individuals regardless of . . . marital status . . .. This subchapter shall be liberally construed for the accomplishment of this purpose.

■ LIRC argues that the school district of Maple's policy does not discriminate based on marital status.

---

(1) To refuse to hire, employ, admit or license any individual, to bar or terminate from employment or labor organization membership any individual, or to discriminate against any individual in promotion, compensation or in terms, conditions or privileges of employment or labor organization membership because of any basis enumerated in s. 111.321.

[3] Section 111.321, Stats., provides as follows:

**111.321 Prohibited bases of discrimination.** Subject to ss. 111.33 to 111.36, no employer, labor organization, employment agency, licensing agency or other person may engage in any act of employment discrimination as specified in s. 111.322 against any individual on the basis of age, race, creed, color, handicap, marital status, sex, national origin, ancestry, arrest record, conviction record, membership in the national guard, state defense force or any reserve component of the military forces of the United States or this state . . ..

Instead, application of the policy is triggered by the conduct of an employee's spouse (choosing to work, accepting health insurance benefits from an employer, etc.) rather than marital status. Because LIRC did not rely on this rationale in its decision, we review this interpretation of the school district's policy de novo.

■

We disagree with LIRC's interpretation. The school district's policy constitutes marital status discrimination. It is only married employees with duplicate coverage who must make a choice between the district's policy or the policy provided by their spouse's employer. Single employees who have health insurance coverage from another source are not forced to choose between that coverage and the district's coverage.

Moreover, the choice required by the district's policy does not account for an employee's death or divorce, which may terminate the former spouse's coverage through the district and leave him or her unable to obtain a single or family policy elsewhere, especially if not qualifying healthwise. This problem would not exist if spouses were allowed to accept their employer-provided health insurance in addition to the district's coverage.

Also, insurance companies consider double policies within a family by allowing coverage only by a primary carrier. The policy can state that it is secondary to any other coverage and therefore the premium can be lower. This, of course, will raise an issue of which policy is primary coverage.

In its decision, LIRC concluded that the school district's policy did not violate the WFEA because health insurance benefits are implicitly excepted from the WFEA's prohibition against marital status discrimination. In support of its implied exception theory, LIRC

argues that the fact that the state of Wisconsin, as an employer and by statute, offers different health insurance benefits to married and single employees evinces a legislative intent to allow employers in general to do the same.

LIRC specifically refers to two state practices. First, the state offers dependant health insurance benefits to an employee's spouse but not to an employee's adult companion, although dependant in fact. See sec. 40.02(20), Stats.; *Phillips v. Wisconsin Personnel Commission,* 167 Wis. 2d 205, 482 N.W.2d 121 (Ct. App. 1992). Second, if both spouses are state employees and one spouse elects family coverage, the state provides coverage to the other spouse as a dependant but prohibits that spouse from electing other coverage.[4]

Because LIRC's decision was based on this implied exception theory, this court will uphold LIRC's interpretation of the WFEA if it is reasonable and not clearly contrary to legislative intent. Interpretation of a statute and application of that statute to undisputed facts presents a question of law. *Dept. of Revenue v. Milwaukee Refining Corp.,* 80 Wis. 2d 44, 48, 257 N.W.2d 855 (1977). Generally, an agency's conclusion of law is reviewed de novo. *Local No. 695 v. LIRC,* 154 Wis. 2d 75, 82, 452 N.W.2d 368 (1990). However, in this case we give deference to LIRC's conclusion because LIRC has experience in interpreting the marital status discrimination provision of the WFEA. *See DILHR v. LIRC,* 161 Wis. 2d 231, 246, 467 N.W.2d 545 (1991).

Health insurance benefits are not implicitly excepted from the WFEA's prohibition against marital status discrimination. There is no reasonable basis to

---

[4] For this proposition, LIRC cites to sec. 40.52(1)(a), Stats. and sec. 40.02(20).

support LIRC's conclusion. LIRC's conclusion is simply contrary to the intent of the legislature.

The fact that the state offers dependant health insurance benefits to an employee's spouse but not to an employee's adult companion does not support LIRC's implied exception theory. *Phillips,* 167 Wis. 2d at 220, held that this practice does not constitute marital status discrimination. The court reasoned that "[i]t is only where similarly situated persons are treated differently that discrimination is an issue." *Id.* at 219. Even though an employee and an adult companion may "have a committed relationship that partakes of many of the attributes of marriage in the traditional sense," a spouse and a companion are not similarly situated. *Id.* at 220. This is so because Wisconsin law imposes a mutual duty of general support upon married couples, but there is no comparable duty of support imposed upon adult companions. *Id.*

In effect, the plaintiff in *Phillips* wanted something not even married employees got: reimbursement for medical expenses that she had no obligation to pay. *Phillips* and the policy reviewed therein are not relevant to this case.

The state's policy of prohibiting duplication of health insurance by married couples employed by the state also does not support LIRC's position. Even if we assume *arguendo* that this policy indicates that there is an implied exception to the WFEA's prohibition against marital status discrimination, the school district of Maple's policy would not fall within this exception. The state's policy is not the same as the Maple policy. The state's policy only applies where both spouses are employed by the state. Maple's policy applies no matter where the employee's spouse is employed.

Further support for our conclusion that health insurance benefits are not excepted from the WFEA's prohibition against marital status discrimination is found in sec. 111.33(2)(d), Stats. That section excepts health insurance from the WFEA's prohibition against age discrimination. It states that it is not age discrimination "[t]o apply varying insurance coverage according to an employe's age." This exception indicates that the legislature considered the WFEA's effect on health insurance issues, chose to create an exception for age discrimination, but chose not to create an exception for marital status discrimination.

Finally, our conclusion is supported by the WFEA's liberal construction clause, referred to above. Limiting the reach of the WFEA's prohibition against marital status discrimination with an implied exception is certainly not liberal construction.

■

We hold that the district's policy violates the WFEA. The policy constitutes marital status discrimination and does not fall within an exception, express or implied, to the WFEA's prohibition against such discrimination.

*By the Court.*—The decision of the court of appeals is affirmed.