183 Wis.2d 61 (1994)
515 N.W.2d 272
RICHLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner-Appellant,
v.
State of Wisconsin DEPARTMENT OF HEALTH & SOCIAL SERVICES, OFFICE OF ADMINISTRATIVE HEARINGS, Defendant-Respondent.
No. 93-0911.
Court of Appeals of Wisconsin.
Submitted on briefs January 6, 1994.
Decided March 3, 1994.
*62 For the petitioner-appellant the cause was submitted on the briefs of Benjamin Southwick of Richland Center.
For the defendant-respondent the cause was submitted on the briefs of James E. Doyle, attorney general and Donald P. Johns, assistant attorney general.
Before Eich, C.J., Dykman and Sundby, JJ.
SUNDBY, J.
In this appeal we decide that the State's Department of Health and Social Services (DHSS) correctly concluded that a testamentary trust was not an asset which made Eugene Peckham ineligible for medical assistance (MA). We therefore affirm the judgment entered February 17, 1993, affirming *63 DHSS's order of April 30, 1992. However, we reject DHSS's argument that we should ignore what it characterizes as "dicta" in Richland County v. DHSS, 146 Wis. 2d 271, 274-75, 430 N.W.2d 374, 376 (Ct. App. 1988), and dismiss the Richland County Department of Social Services' (County Department) appeal for lack of standing.
Eugene Peckham was a resident of an institution in Richland County.[1] The parties agree that he was a Supplemental Security Income (SSI)-related MA applicant. In order to be SSI-related, a person must be over sixty-five years of age, blind or disabled as that term is used for SSI purposes. WISCONSIN ADM. CODE §§ HSS 103.01(1)(a) and HSS 103.03(1)(c).
On March 13, 1992, the County Department notified Peckham that his MA would be discontinued effective April 1, 1992, because he had available assets in excess of the liquid asset limit for medically needy MA applicants. See 20 C.F.R. § 416.1205(c) (1993); § 49.47(4)(b)3g, STATS. The disqualifying asset was the principal of a testamentary trust created for Peckham's benefit in his mother's will.
Peckham filed a petition March 25, 1992, under § 49.45(5), STATS., to review the County Department's discontinuance of his MA. On April 30, 1992, DHSS determined that for MA eligibility purposes, the testamentary trust was not an asset available to Peckham. DHSS remanded the petition to the County Department with instructions to continue to certify Peckham for MA if he were otherwise eligible. The County *64 Department petitioned for review of DHSS's decision under § 227.53, STATS. The circuit court affirmed DHSS's decision in a judgment entered February 17, 1993.
We review the decision of DHSS, not the circuit court's decision. Milwaukee Area Joint Plumbing Apprenticeship Comm. v. DILHR, 172 Wis. 2d 299, 314, 493 N.W.2d 744, 750 (Ct. App. 1992). DHSS concluded that the result in this case is controlled by its earlier decision, #43332 (November 5, 1987). In that decision, DHSS cited WIS. ADM. CODE § HSS 103.06(7)(a) which provided, as it does now: "Trust funds shall be considered available assets, except that ... [f]or SSI-related MA applicants and recipients, the pertinent SSI standards on the treatment of trusts as resources shall apply...."
Then, as now, there were no federal regulations prescribing how trust funds were to be considered for SSI eligibility. The SSI standards are set forth in the Program Operations Manual System (POMS), prepared and distributed by the secretary of the United States Department of Health and Human Services. POMS § 01120.105(A)2 provides, in part: "If the claimant/beneficiary's access to the trust principal is restricted (e.g., only the trustee or court, etc., can invade the principal), the principal is not a resource to the claimant."
In Decision #43332 DHSS concluded: "Given the comparability principle of federal law, the Administrative Code provision and the POMS provisions, [we] must conclude that the principal of the trust at issue is not an available resource to petitioner."
In the instant case, DHSS concluded that the Peckham testamentary trust was so similar to the testamentary trust involved in Decision #43332 that it *65 was required to conclude that the principal of the trust was "unavailable" for MA purposes. The Peckham testamentary trust provides:
If in the opinion of my trustee, such income together with such other income as my son may receive from other sources shall not be sufficient adequately and comfortably to provide for my son, giving due regard to his needs at any particular time, to pay to my son such sums from the corpus of the trust as my trustee determines proper.
My sole purpose in setting up this trust is to provide for the basic needs of my son, Eugene, and my trustee is instructed to consider that intent in making any payments. My trustee is further instructed to take into account all of the general needs of my son, Eugene.
The County Department agrees that DHSS was correct in concluding that Eugene was an SSI-related MA applicant and that WIS. ADM. CODE § HSS 103.06(7)(a)3 controls. However, the County Department argues that DHSS was incorrect when it concluded that "[t]here are no provisions in the federal statutes or regulations regarding trust funds as assets." The County Department argues that 20 C.F.R. pt.416, subpart L, entitled "Resources and Exclusions," applies. Section 416.1201(a) provides:
For purposes of this subpart L, resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance.
(1) If the individual has the right, authority, or power to liquidate the property or his or her share of the property, it is considered a resource. If a property right cannot be liquidated, the property *66 will not be considered a resource of the individual (or spouse).
[1]
The County Department cites 20 C.F.R. § 416.1231, which is entitled "Burial spaces and certain funds set aside for burial expenses." The County Department argues that because funds in an irrevocable trust are available for burial expenses, the funds are also available for SSI eligibility purposes. We disagree. It does not follow that merely because funds in an irrevocable trust may be available for burial expenses, the entire trust principal thereby becomes an asset for determining SSI-related MA eligibility.
[2-4]
DHSS's interpretation of the applicable statutes, administrative rules and federal regulations involve questions of law that we review de novo. Braatz v. LIRC, 174 Wis. 2d 286, 293, 496 N.W.2d 597, 600 (1993). However, we will defer to the agency's construction where the agency has special expertise and experience interpreting the applicable statutes and regulations, especially where the agency's interpretation has been uniform over an extended period of time. Amsoil, Inc. v. LIRC, 173 Wis. 2d 154, 165, 496 N.W.2d 150, 154 (Ct. App. 1992). We give special deference to DHSS's interpretation of the applicable statutes, rules and regulations in this case; in Decision #43332, DHSS resolved conflicts of authority as to the availability of the principal of an irrevocable trust as an asset for determining MA eligibility. DHSS recognized that its prior decisions on the issue of availability of trust principal amounts where the trustee has discretion to distribute principal for the benefit of the income beneficiary "have not been entirely consistent over time." DHSS used the occasion of Decision #43332 to resolve *67 this inconsistency. DHSS noted that prior decisions had not applied the comparability principle which requires that SSI standards be used. Since its decision in #43332, DHSS has considered itself bound by the conclusion reached in that decision that the principal of a trust, even though available in a trustee's discretion to provide for the needs of the beneficiary, is not an asset to be considered in determining MA eligibility. When an agency has taken up a disputed issue of interpretation, has resolved that dispute, and has continued that construction over an extended period of time, we defer to the agency's presumed special expertise. Butzlaff v. Wisconsin Personnel Comm'n, 166 Wis. 2d 1028, 1031-32, 480 N.W.2d 559, 560 (Ct. App. 1992). We therefore affirm the judgment affirming DHSS's decision and order.
By the Court.Judgment affirmed.
NOTES
[1] In its brief, DHSS informs us that Peckham died June 29, 1992. We reject DHSS's argument that Peckham's death mooted these proceedings to review the County Department's prior discontinuance of his MA. Our decision affects Peckham's eligibility for MA for a period while he was alive.