ABBYLAND PROCESSING, Petitioner-Appellant,

v.

STATE of Wisconsin, LABOR & INDUSTRY REVIEW COMMISSION and Joanne T. Forster, Respondents-Respondents.

Court of Appeals

*No. 96–1119. Submitted on briefs October 9, 1996.—Decided November 5, 1996.*

(Also reported in 557 N.W.2d 419.)

For the petitioner-appellant the cause was submitted on the briefs of *Jeffrey T. Jones* of *Ruder, Ware & Michler, S.C.*, Wausau.

For the respondent-respondent, State of Wisconsin, Labor & Industry Review Commission, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Nadim Sahar*, assistant attorney general.

For the respondent-respondent, Joanne T. Forster, the cause was submitted on the brief of *Christine R. H. Olsen* of *Byrne, Goyke, Olsen & Tillisch, S.C.*, Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Abbyland Processing appeals a Labor and Industry Review Commission decision that Abbyland had discriminated in the salary paid to Joanne T. Forster based upon her gender and marital status in violation of the Wisconsin Fair Employment Act. Abbyland contends that LIRC erred by considering evidence of acts that occurred more than 300 days prior to the filing of the complaint. Further, Abbyland contends that there is insufficient evidence to support LIRC's

findings and that LIRC incorrectly calculated the damages to which Forster was entitled. Because we conclude that LIRC was privileged to receive evidence as to Abbyland's state of mind from events that occurred more than 300 days prior to the filing of the complaint, and that there is sufficient evidence to support LIRC's determinations both as to discrimination and the amount of damages, the judgment is affirmed.

Abbyland is in the business of processing and selling meat products. Joanne Forster worked as a sales representative for Abbyland from 1984 until May 17, 1991, when Abbyland eliminated its direct sales force and opted to engage in a marketing and distribution program through food brokers rather than direct sales. Forster's salary at the time of her termination was $25,500 per year. Forster's husband was also employed at Abbyland as a supervisor in the sausage kitchen and was a vice-president at the time Forster's complaint was filed.

Forster filed a complaint on March 6, 1992, alleging discrimination based upon gender and marital status in the salary she was paid while at Abbyland. The equal rights division determined that there was probable cause to investigate the discrimination complaint for events that occurred within 300 days of the filing of the complaint. The 300-day calculation permitted a probable cause finding for events occurring between May 11, 1991, and May 17, 1991, the day Forster's position was terminated. The equal rights division determined that because of the statutory requirement establishing a 300-day statute of limitations, there was no probable cause for any alleged acts of discrimination that occurred prior to May 11, 1991.

The evidence disclosed that William Hickman, Forster's immediate supervisor, discussed Forster's

salary with Abbyland's owner. Hickman indicated that Forster was not being paid comparably to the male sales representatives and her performance would dictate a substantially higher salary. Harland Schraufnagel, Abbyland's president, responded to Hickman with "that snatch" did not need to make that much, that her husband was earning a sufficient salary so she did not need additional compensation and that Forster was "a good heifer or a good cow and she would produce but we don't have to give her any more." Schraufnagel is alleged to have told Forster directly that he would not increase her salary because her husband made enough money. Although the issue was disputed, William Vanden Heuvel, Abbyland's chief financial officer, and Hickman both stated that Forster's responsibilities were comparable to or above those of an employe named Larry McGuire who was paid almost twice as much as Forster was paid.

LIRC concluded that Abbyland had discriminated against Forster based upon her gender and marital status in setting the level of compensation. It determined that as a remedy Forster was entitled to a salary comparable to McGuire's for a two-year period. No specific dollar amount was set, and in the event Forster and Abbyland cannot agree as to the amount of damages, a new hearing on damages will be held to determine the specific amount of damages Forster suffered as a result of Abbyland's discrimination.

■

Abbyland attacks LIRC's determination on two bases. First, Abbyland alleges that LIRC erred by considering evidence of Schraufnagel's statements made more than 300 days before the filing of Forster's complaint. Abbyland contends that because these incidents occurred outside of the statute of limitations, LIRC

erred by receiving evidence in regard to such statements. The contention that evidence of acts occurring outside of the statute of limitations is precluded by the statute of limitations raises a question of law this court reviews under varying degrees of deference depending upon the agency's experience and specialized knowledge as well as how consistently the issue has been decided in the agency's previous determinations. Second, Abbyland asserts that there is insufficient evidence to support LIRC's finding of discrimination and damages.

Before examining these contentions, we must establish the appropriate weight to be given the agency's determinations. In this case, we conclude that the agency's determination as to the admissibility of specific acts of discrimination occurring outside of the statute of limitations to show the state of mind for acts of discrimination alleged to have occurred within the statute of limitations is entitled to due weight. *See UFE, Inc. v. LIRC*, 201 Wis. 2d 274, 286-87, 548 N.W.2d 57, 62 63 (1996); *See Braatz v. LIRC*, 168 Wis. 2d 124, 130, 483 N.W.2d 246, 248 (Ct. App. 1992). We reach this determination because LIRC has been adjudicating cases under the Wisconsin Fair Employment Act for the entire period of its existence. Under a due weight standard of deference, LIRC's conclusion will be affirmed as long as it is reasonable and no other more reasonable interpretation exists. *UFE*, 201 Wis. 2d at 286-87, 548 N.W.2d at 62-63. Under the proper deference, LIRC's decision in regard to the admissibility of these acts must be affirmed.

We could, however, reach the same result without regard to the level of deference given LIRC's determi-

315

nation because we independently conclude that evidence of state of mind or intent for a specific period of time may be relevant to prove the intent or state of mind of a different period of time that is not unduly remote from the time of the acts sought to be introduced into evidence. Therefore, we conclude evidence of events occurring outside of the statute of limitations period may be admitted as proof of a state of mind for acts during a relevant time, i.e., one within the statute of limitations period.

We first examine Abbyland's contention that LIRC erred by considering evidence of discrimination that occurred outside of the 300 day statute of limitations. Abbyland relies upon *United Air Lines* and *Galloway*,[1] for its contention that evidence outside of the statutory limit should be barred. These cases are inapposite and only address the viability causes of action for acts of discrimination that occur outside the statutory period. Neither of these cases addresses the question whether such acts may be evidence of the state of mind existing for acts committed within the statute of limitations.

Salary discrimination is an ongoing matter and can be challenged if the result of the discrimination occurs both within and outside the statute of limitations. In this case, Forster was entitled to challenge the salary paid during the relevant period of time, May 11-May 17, 1991, which is that period within the 300-day statute of limitations. Abbyland does not contest LIRC's ability to address discrimination occurring within this time period.

■■

As proof that the salary was influenced by improper considerations of gender and marital status,

---

[1] *United Air Lines v. Evans*, 431 U.S. 553 (1977) and *Galloway v. GM Serv. Parts Operations*, 78 F.3d 1164 (7th Cir. 1996).

316

LIRC received evidence that during conversations with Forster, Hickman and Vanden Heuvel, Schraufnagel made a series of gross, derogatory and demeaning statements regarding her gender and marital status and stated that Forster's salary was set in consideration of her husband's earnings on a variety of occasions. While Forster received periodic salary increases during the time she was employed by Abbyland, Schraufnagel's acknowledgement of the discriminatory reasons for her salary level is sufficient evidence of the discriminatory salary paid Forster within the statute of limitations period. LIRC did not err in admitting this evidence of Abbyland's intent and state of mind in regard to the compensation levels available to Forster during the relevant statutory period.

■

Abbyland's argument confuses receiving evidence of discrimination outside the statutory period for the purpose of claimed discrimination and evidence of Abbyland's state of mind in setting compensation levels for periods within the statute of limitations. Schraufnagel's statements are relevant to whether Forster's level of compensation was set for improper discriminatory reasons. LIRC did not err in its consideration of such evidence.

■

Abbyland next contends that there is insufficient evidence to support LIRC's findings of discrimination and the level of damages determined. Claims of insufficiency of the evidence are reviewed under the substantial evidence test because they involve the agency's determination of contested facts. *See Robertson Transp. Co. v. PSC*, 39 Wis. 2d 653, 658, 159 N.W.2d 636, 638 (1968). Substantial evidence is evidence sufficient to permit a reasonable finder of fact to

reach the conclusion of the agency. *Chicago & N.W.R.R. v. LIRC*, 98 Wis. 2d 592, 607-08, 297 N.W.2d 819, 825-26 (1980). It need not reflect the preponderance of the evidence and, indeed, the preponderance of the evidence may lead to a contrary conclusion. *Id.* Nonetheless, we are required to affirm the determination as long as the finding of fact made by the agency could have been made by a reasonable finder of fact. *Barnes v. DNR*, 178 Wis. 2d 290, 305-06, 506 N.W.2d 155, 162 (Ct. App. 1993). In this case, the agency's determination of Abbyland's state of mind as to the salary paid during the relevant period is a question of fact subject to such deferential review. *See Pullman-Standard v. Swint*, 456 U.S. 273, 287-90 (1982).

The same standard of review must be applied to LIRC's determination that Forster's responsibilities were equal to or more than McGuire's, and she should accordingly have received a comparable level of compensation. While Abbyland hotly contests this conclusion, it is reviewed under the substantial evidence test and must also be affirmed if a reasonable factfinder could reach the conclusion reached by LIRC. *Barnes*, 178 Wis. 2d at 305-06, 506 N.W.2d at 162. Further, where the appellant challenges the sufficiency of the evidence for the agency's ultimate conclusions, we examine the entire record for substantial evidence to support those determinations. *Kropiwka v. DILHR*, 87 Wis. 2d 709, 719, 275 N.W.2d 881, 884 (1979). Because our review is based on a substantial evidence test, we need only review evidence that would support LIRC's determination. We acknowledge that both factual matters were contested and Abbyland introduced evidence that would permit contrary findings of fact to be made by LIRC. If a reasonable factfinder could have reached the conclusions

318

reached by LIRC, however, we must affirm such findings. *Barnes*, 178 Wis. 2d at 305-06, 506 N.W.2d at 162.

We conclude that there is overwhelming evidence of improper discriminatory reasons in setting Forster's compensation within the statute of limitations period. Schraufnagel's repeated comments that her husband is earning enough, the demeaning references to Forster based on her gender and the evidence of her performance, including the fact that she sold more tonnage than any other sales person is sufficient to support LIRC's findings. Indeed, LIRC's findings were made on evidence that was compelling and would withstand an even more strict standard of review than we are required to use.

Abbyland seeks to distinguish McGuire's powers and duties from Forster's and contends that one is a supervisor while the other a mere salesperson, justifying the disparate salaries paid to these two individuals. There is other evidence, however, that Forster's responsibilities were at least equal to if not greater than McGuire. LIRC chose to accept this evidence, which came not only from Forster but from two other company officials. A reasonable factfinder could conclude that Forster's responsibilities were either equal to or greater than McGuire's and that the salary levels between the two positions should have, but for discriminatory reasons, been comparable. We, therefore, conclude there was sufficient evidence to support the formula for calculating damages adopted by LIRC.

We note that no specific number representing Forster's damages was determined and that a further hearing may be necessary unless the parties are able to stipulate to the salary Forster would have earned but

for the discrimination. Abbyland does not contest LIRC's ability to apply these damages for the two-year period prior to the filing of the complaint. Although damages have not been determined, neither party raises the issue whether this is a final judgment reviewed by the Court of Appeals as a matter of right. *See* § 808.03(1), STATS. Because we construe the appeal as a petition for leave to appeal, which we grant, we elected to address the case on its merits.

*By the Court.*—Judgments affirmed.